# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CHAD MIKITAROFF,

    Defendant.

Case No. 2:08-CR-00285-KJD-RJJ

**ORDER**

    Before the Court is Defendant Mikitaroff's Motion to Correct Sentence (# 35). The government responded (# 36) and Defendant replied (# 38).

I. Background

    Defendant Chad Mikitaroff's supervised release in case 08-CR-00041 was revoked and Defendant was sentenced to eighteen months imprisonment on July 21, 2008. Defendant was serving that 18 month sentence when charges were brought in this case, 08-CR-00285. Defendant pled guilty, and on July 27, 2009, this Court sentenced Defendant to 37 months imprisonment followed by three (3) years supervised release. Defendant filed the instant motion on September 1, 2010. Supervised release commenced January 26, 2012. On December 18, 2012, this Court revoked supervised release for violation of the terms of supervised release and sentenced Defendant to eight

(8) months imprisonment (#48). Defendant alleges that the Bureau of Prisons is impermissibly holding him beyond the 37 month sentence imposed on July 27, 2009 and seeks habeas relief.

II. Discussion

Defendant originally filed the instant motion under Federal Rule of Criminal Procedure 33(b) and 28 U.S.C. § 2255. In his reply (#38), Defendant petitions this Court to construe his motion as originating under 28 U.S.C. § 2241. This Court will construe Defendant's motion liberally. See Hamilton v. United States, 67 F.3d 761, 764 (9th Cir. 1995).

A. Fed. R. Crim. P. 33(b)

Defendant has not alleged any grounds which would support a claim for new trial under this Rule.

B. 28 U.S.C. § 2255

To the extent that Defendant wishes to pursue credit for time served, the Supreme Court has made it clear that the Attorney General is authorized to make such calculations, not the district courts. United States v. Wilson, 503 U.S. 329, 334-35 (1992).

C. 28 U.S.C. § 2241

Habeas petitions are designed to secure a prisoner's release from illegal custody. Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). However, such challenges are rendered moot if the custody challenged has expired, and the current custody is due to a defendant's subsequent misconduct (such as violating the terms of parole). Burnett v. Lampert, 432 F.3d 996, 999-1000 (9th Cir. 2005). Here, the custody Defendant challenges has already expired, the sentences having run (#50). Defendant is currently incarcerated for violation of the terms of supervised release. Accordingly, Defendant's petition is moot.

///
///
///
///

III. Conclusion

**IT IS HEREBY ORDERED** that Defendant's Motion to Correct Sentence (#35) is **DENIED**;

**IT IS FURTHER ORDERED** that Defendant's Motion to Extend Time to Respond (#37) is **DENIED** as moot.

DATED this 17th day of June 2013.

                                              Kent J. Dawson
                                              United States District Judge